**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CLEVELAND HANKERSON, | : | |
| Federal Register No. 83507-020, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-733-WSD-CCH |
| J.A. KELLER, | : | |
|     Respondent. | : | |

## **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Petitioner Cleveland Hankerson, a federal prisoner presently confined at the United States Penitentiary in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to challenge the validity of his convictions and sentences in the United States District Court for the Middle District of Georgia. The matter is before the Court on the petition [Doc. 1]; the answer-response with attached brief and exhibits [Docs. 4, 9];[1] and Petitioner's reply [Doc. 6].

I. <u>Background</u>

On December 11, 1991, Petitioner was convicted by a jury in the United States District Court for the Middle District of Georgia of conspiracy to possess

---

[1] Petitioner's presentence investigation report ("PSR") was filed under seal as Document No. 9. The undersigned will simply cite to that document as the PSR.

with the intent to distribute cocaine base by employing a person under age 18, in violation of 21 U.S.C. § 846 in connection with 21 U.S.C. § 845(b) (Count 1); aiding and abetting to possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 841 in connection with 21 U.S.C. § 2 (Count 2); aiding and abetting in the use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and 2 (Count 3); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 5). (PSR at 1). The maximum statutory sentences for Counts 1, 2, and 3 is life imprisonment. *See* 21 U.S.C. § 846 in connection with 21 U.S.C. § 845(b); *see also United States v. Ruff*, No. 09-16304, 2011 WL 205382, at *1 (11th Cir. Jan. 5, 2011) (stating that the statutory maximum under 18 U.S.C. § 924(c)(1) is life imprisonment) (quoting *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000).[2] With regard to Count 5, the maximum sentence is ten years. *See* 18 U.S.C. § 922(g)(1) in connection with 18 U.S.C. § 924(a)(2).

The PSR determined that Petitioner qualified for the enhanced penalty provisions as a career offender under the Sentencing Guidelines because he

---

[2] Count 3 carries a mandatory minimum sentence of five years imprisonment which must be served consecutively to any other sentence. *See* 18 U.S.C. § 924(c)(1).

2

previously had been convicted of at least two felonies involving a crime of violence or a controlled substance. (PSR at ¶ 61). The district court sentenced Petitioner to life imprisonment for Counts 1 and 2, a concurrent ten years for Count 5, and a consecutive five years for Count 3, for a total of life imprisonment plus five years. (Resp. Ex. No. 2). Petitioner's convictions and sentences were affirmed by the Eleventh Circuit on January 20, 1994. (Resp. Ex. No. 1, Middle District of Georgia Docket ("Docket") at No. 13); *see United States v. Hankerson*, 14 F.3d 57 (11th Cir. 1994) (Table).

Petitioner subsequently filed three post-conviction motions in the sentencing court. (Resp. Ex. No. 1, Docket at Nos. 120, 160, 222). First, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on April 28, 1997, which was denied by the district court on July 8, 1997. (*Id.* at Nos. 120, 125). Petitioner's appeal of the denial was dismissed by the Eleventh Circuit on January 26, 1998, for Petitioner's failure to pay the filing fee. (*Id.* at No. 138). Petitioner filed a second § 2255 motion to vacate on July 26, 1999, which was dismissed by the district court on August 5, 1999. (*Id.* at No. 162). The Eleventh Circuit construed Petitioner's appeal as a request for a certificate of appealability and denied it as such on March 15, 2000. (*Id.* at No. 168). On August 30, 2000, the

3

Eleventh Circuit denied Petitioner's application to file a second or successive § 2255 motion to vacate based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000).³ (*Id.* at No. 169; Doc. 1, Brief at 3). Finally, on April 3, 2006, Petitioner filed a motion to reduce his term of imprisonment based upon an amendment to the United States Sentencing Guidelines enacted after his sentence, which the court denied on May 30, 2006, and the Eleventh Circuit affirmed on March 19, 2007. (Resp. Ex. No. 1, Docket at Nos. 222, 229); *United States v. Hankerson*, 224 F. App'x 900 (11th Cir. 2007).⁴

---

³ In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Following *Apprendi*, the Supreme Court in *Blakely*, 542 U.S. 296 (2004), defined "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*" or the maximum a judge may impose without any additional factual findings. *Blakely v. Washington*, 542 U.S. 296, 303-304 (2004) (emphasis in original). In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court found that the mandatory nature of the Sentencing Guidelines were incompatible with the holdings in *Apprendi* and *Blakely*. *Booker*, 543 U.S. at 245.

⁴ Specifically, Petitioner argued that his sentence should be reduced based on Amendment 591 to the Sentencing Guidelines, which "requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury." *United States v. Means*, 422 F. App'x 791, 792 (11th Cir. 2011) (quotations and citations omitted). The sentencing court found that Amendment 591 was

4

Thereafter, the United States Supreme Court issued its decision in *Begay v. United States*, 553 U.S. 137 (2008). In *Begay*, the Supreme Court explained that a "violent felony" under the Armed Career Criminal Act ("ACCA") includes only felonies that involve "purposeful, violent and aggressive conduct," and, as such, a state crime of driving under the influence ("DUI") cannot be considered a violent felony. *Id.* at 139, 144-45, 148. In the instant § 2241 federal habeas petition, Petitioner attempts to challenge the application of the ACCA to him based upon *Begay*, and argues that his prior conviction for DUI – which was one of several convictions listed in the PSR to support qualifying him as an armed career criminal – is not a violent felony under the ACCA. [Docs. 1, 6].[5] According to Petitioner,

---

inapplicable because Petitioner was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, rather than under § 2D1.2 to which Amendment 591 applies. *See* Doc. 229, *Hankerson v. United States*, Nos. 5:06-CV-106(WDO), 5:91-CR-10 (WDO), *available at* United States Public Access to Court Electronic Records ("PACER"), http://www.pacer.gov.

[5] The undersigned notes that pretermitting whether Petitioner is correct that his DUI conviction should not count as a violent felony under the ACCA, his other previous convictions included aggravated assault, possession of cocaine and marijuana with the intent to sell, and two convictions for aggravated battery, all of which may have qualified as felonies involving a crime of violence or controlled substance under the ACAA.

5

therefore, he was unlawfullyسentenced under the ACCA, and he is "actually innocent" of the sentencing enhancement.

II. <u>Analysis</u>

As both of Petitioner's claims challenge the validity of his 1992 sentences, they should be brought under § 2255 in the Middle District of Georgia rather than in this district under 28 U.S.C. § 2241. *See Hill v. Warden, FCC Coleman-USP II*, 364 F. App'x 587, 588 (11th Cir. 2010) ("Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255."); *Wattleton v. Beeler*, 186 F. App'x 852, 852-53 (11th Cir. 2006) ("Section 2255 is the primary method to collaterally attack a federal sentence" whereas "[a]ttacks on the execution, rather than the imposition, of a sentence are a matter for habeas corpus review under § 2241."). As discussed previously herein, the Middle District already has denied § 2255 relief and the Eleventh Circuit has refused to grant Petitioner permission to file a successive § 2255 motion.

While section 2241 gives this Court general authority to issue a writ of habeas corpus to a person detained "in violation of the Constitution or treaties of the United States," a federal prisoner may use § 2241 to challenge his federal

6

conviction and sentence only if 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Wofford v. Scott*, 177 F.3d 1236, 1243-44 (11th Cir. 1999). The mere existence of the statutory bar on successive § 2255 motions does not render § 2255 inadequate or ineffective. *Gilbert v. United States*, 640 F.3d 1293, 1308, 1311 (11th Cir. 2011) (en banc); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *see also Spigner v. United States*, 217 F. App'x 931, 932 (11th Cir. 2007) ("[A] petitioner who has filed a previous § 2255 motion, and been denied, may not circumvent the successive - motion rule simply by filing a petition under § 2241."). Rather, the savings clause only applies to a claim "when: 1) [the] claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244 (citing *In Re Davenport*, 147 F.3d 605 (7th Cir. 1998)). Petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy. *See Smith v. United States*, 263 F. App'x 853, 856 (11th Cir. 2008).

AO 72A
(Rev.8/82)

Pretermitting whether Petitioner meets the first and third prongs of the *Wofford* test, he cannot demonstrate that he was convicted of a non-existent criminal offense. Indeed, Petitioner was not convicted of being guilty of the enhancement under the ACCA; rather, he was convicted of conspiracy to possess with the intent to distribute cocaine base by employing a person under age 18, aiding and abetting to possess with the intent to distribute cocaine base, aiding and abetting in the use of a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a convicted felon – all of which remain criminal offenses that exist even after the Supreme Court decided *Begay*. *See Gilbert*, 640 F.3d at 1319-20 (finding that the petitioner could not demonstrate the second *Wofford* prong despite the decision in *Begay* because he was not convicted of being guilty of the career offender enhancement, and "the crimes for which [the petitioner] was convicted, possessing crack cocaine with intent to distribute and possessing marijuana with intent to distribute, do exist, as thousands of prisoners can attest"); *see also United States v. Carter*, 366 F. App'x 136, 140 (11th Cir. 2010) (holding "that a prior felony conviction is not an element of the offense for purposes of the imposition of an enhanced sentence" under the ACCA); *Chaplin v. Hickey*, No. CV209-114, 2010 WL 1416980, at *1-2 (S.D. Ga. April 8, 2010)

8

(holding that *Begay* "does not invalidate the crime of conviction – being a felon in possession of a firearm"). As such, Petitioner has failed to demonstrate the second *Wofford* prong such that he could proceed with his claims under the savings clause.

Moreover, in the Eleventh Circuit's recent decision in *Gilbert*, the Eleventh Circuit "categorically state[d], . . . that the savings clause does not apply to sentencing claims, at least not to those where the sentence imposed was within the statutory maximum." *Gilbert v. United States*, 640 F.3d 1293, 1315 (11th Cir. 2011). As set forth previously herein and despite Petitioner's argument to the contrary, Petitioner was not sentenced beyond the statutory maximum for any of his convictions. Thus, the savings clause does not apply to Petitioner's sentencing claims under *Begay*. Finally, because Petitioner's claims challenge statutory guideline interpretation error, he cannot be "actually innocent" of the career offender enhancement. *See Gilbert*, 640 F.3d at 1320-22 (stating that the actual innocence exception did not apply to the petitioner's *Begay* claim, because, *inter alia,* the exception operates where there is constitutional error, not statutory guidelines interpretation error).

9

As such, like the petitioner in *Gilbert*, Petitioner's "position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument." *Gilbert*, 640 F.3d at 1320. Thus, Petitioner may not bring his *Begay* claims under § 2241 by way of the savings clause. *Id.*; *see also Williams v. Haynes*, No. CV210-180, 2011 WL 2666839, at *1 (S.D. Ga. July 6, 2011) ("As discussed in *Gilbert* . . . arguing that one's sentencing enhancement under [the ACCA] is invalid in a § 2241 motion, is an attack on a sentence – not an attack on a conviction. The Eleventh Circuit has concluded [in *Gilbert*] that a petitioner is foreclosed from challenging his sentence, rather than his conviction, using [the] savings clause."). Instead, Petitioner must first move in the Eleventh Circuit for an order authorizing the district court to consider his claims in a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A). Accordingly, the instant § 2241 application must be dismissed.[6]

---

[6] Because the undersigned concludes that Petitioner cannot bring this action under § 2241, the undersigned does not address Respondent's argument that the petition is untimely.

10

In light of the foregoing analysis, **IT IS RECOMMENDED** that the instant petition for writ of habeas corpus [Doc. 1] be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED** this 2nd day of November, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

11

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLEVELAND HANKERSON, : | |
| Federal Register No. 83507-020, : | PRISONER HABEAS CORPUS |
|     Petitioner, : | 28 U.S.C. § 2241 |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:11-CV-733-WSD-CCH |
| J.A. KELLER, : | |
|     Respondent. : | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within ten (10) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the

report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 2nd day of November, 2011.

$_____$
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)