IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**CLEVELAND HANKERSON,**
**BOP No. 83507-020,**

     Petitioner,

 v.           1:11-cv-733-WSD

**J. A. KELLER, Warden,**

     Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge C. Christopher Hagy's Final Report and Recommendation ("R&R") [10], which recommends the dismissal of Cleveland Hankerson's ("Petitioner") Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 ("Petition") [1]. Petitioner has filed an objection to the R&R.

**I. BACKGROUND[1]**

On December 11, 1991, Petitioner was convicted by a jury in the United States District Court for the Middle District of Georgia of conspiracy to possess with the intent to distribute cocaine base by employing a person under age 18, in

---

[1] The parties have not objected to the facts set out in the R&R, and finding no plain error, the Court adopts them.

violation of 21 U.S.C. § 846 in connection with 21 U.S.C. § 845b (Count 1);[2] aiding and abetting to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841 in connection with 21 U.S.C. § 2 (Count 2); aiding and abetting in the use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and 2 (Count 3); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 5).

On April 16, 1992, relying upon the information contained in the presentencing report ("PSR"), the Court determined Petitioner qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. The statutory maximum[3] for Counts 1, 2, and 3 at the time was life imprisonment. The Court sentenced him to life imprisonment for Counts 1 and 2, a concurrent ten-year term of imprisonment for Count 5, and a consecutive five-year term of imprisonment for Count 3, for a total of life imprisonment plus five years.

---

[2] 21 U.S.C. § 845b has been renumbered under Title 21 as § 861.
[3] The statutory maximum sentence is the "punishment ceiling beyond which no defendant convicted for committing that particular crime may be sentenced regardless of the circumstances of the crime, regardless of the defendant's history, and regardless of the sentencing guidelines." Gilbert v. United States, 640 F.3d 1293, 1306 (11th Cir. 2011).

On January 20, 1994, Petitioner's convictions and sentences were affirmed by the Eleventh Circuit Court of Appeals. United States v. Hankerson, 14 F.3d 57 (11th Cir. 1994).

On April 28, 1997, Petitioner filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The petition was denied by the district court and his subsequent appeal was dismissed by the Eleventh Circuit.

On July 26, 1999, Petitioner filed his second § 2255 motion to vacate his sentence, which was also denied by the district court. Petitioner again appealed. On March 15, 2000, the Eleventh Circuit construed his appeal as a request for a certificate of appealability and denied the request. On August 30, 2000, the Eleventh Circuit denied Petitioner's application to file a second or successive § 2255 motion to vacate his conviction and sentence.

On April 3, 2006, Petitioner filed a motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based upon an amendment to the United States Sentencing Guidelines enacted after his sentence was imposed. On May 30, 2006, the district court denied his motion, Petitioner appealed, and, on March 19, 2007, the Eleventh Circuit affirmed the district court. United States v. Hankerson, 224 F. App'x 900 (11th Cir. 2007) (affirming district court because the

change to the guidelines did not impact the career offender provision under which Hankerson was sentenced).

On April 16, 2008, the United States Supreme Court decided Begay v. United States. 553 U.S. 137 (2008). In Begay, the Supreme Court held that a driving under the influence ("DUI") felony offense is not a "violent felony" for the purposes of imposing a sentencing enhancement under the Armed Career Criminal Act ("ACCA"). 553 U.S. at 148.

On March 8, 2011, Petitioner filed the instant federal habeas petition pursuant to 28 U.S.C. § 2241 seeking relief under the savings clause of § 2255(e). Petitioner relies upon Begay to argue that he was unlawfully sentenced because his PSR listed a DUI conviction — along with at least four other felonies involving crimes of violence or controlled substances — as support for determining that he qualified as an armed career criminal for sentence enhancement purposes.[4] Petitioner contends that if the DUI offense were to be excluded from the PSR, then he would not have qualified for the sentencing enhancement since he would only have one violent felony conviction. Petitioner also argues that even if his § 2241

---

[4] According to the PSR, Petitioner was previously convicted of aggravated battery for shooting a man in the back; of aggravated assault for striking a woman and her mother in an altercation over a music cassette and then later shooting at their house with a handgun; of possession of cocaine and marijuana with intent to sell; and of aggravated battery for striking and severely injuring another woman in an altercation. (PSR ¶¶ 42-47, 58-59).

4

petition is procedurally barred, then it should still be allowed to go forward under the miscarriage of justice exception because he is "actually innocent" of being a career offender.

On June 1, 2011, Respondent objected to the § 2241 petition. Respondent argues that the petition is untimely because it was filed more than one year after the Supreme Court recognized the "rights" that Petitioner asserts under Begay and that Petitioner is not entitled to relief under § 2241 because he cannot satisfy the criteria established by the Eleventh Circuit to obtain such relief under this section.

On September 29, 2011, Petitioner wrote to the Court to supplement his petition with a citation to Shelton v. Secretary, Dept. of Corrections, --- F. Supp. 2d ---, 2011 WL 3236040 (M.D. Fla. July 27, 2011). Petitioner argues that this case — which declared unconstitutional a 2002 amendment to Florida Statute § 893.13 that eliminated the *mens rea* requirement for possession or distribution of cocaine — applies to his case and invalidates his 1988 Florida drug convictions for possession of cocaine and marijuana with intent to sell that were used to support the determination in the PSR that he qualified for sentencing enhancement as a career offender. Shelton did not hold that the 1988 version of the law under which Petitioner was convicted was unconstitutional, but only found the 2002 amendment to be unconstitutional. Shelton, 2011 WL 3236040 at *1-*2, *15.

On November 2, 2011, the Magistrate Judge issued his Final R&R and recommended that the § 2241 petition be dismissed. In his well-reasoned conclusions and recommendations, the Magistrate Judge explained that the petition must be dismissed because: (1) Petitioner cannot satisfy one of the required elements to bring his claims under the savings clause because he cannot demonstrate that he was convicted of a nonexistent offense; (2) Petitioner may not use the savings clause to bring a sentencing claim where the sentence imposed on him did not exceed the statutory maximum; and (3) Petitioner may not invoke the manifest injustice exception by arguing actual innocence because he cannot be actually innocent of the career offender enhancement. (R&R at 9).

On November 16, 2011, Petitioner timely filed his objections. The Court has liberally construed Petitioner's *pro se* filing as objecting to the following findings and conclusions of the Magistrate Judge: (1) that the statutory maximum for his offenses was life imprisonment plus five years; (2) that the sentence imposed did not exceed the statutory maximum for the counts upon which Petitioner was found guilty; (3) that he failed to establish the three required elements under the law of the Eleventh Circuit to bring his claims under the savings clause; and (4) that the fundamental miscarriage of justice exception for actual innocence does not apply to his challenge to the procedural application of a

career offender sentencing enhancement. In his objections, Petitioner also reiterates his argument on the merits of his petition that, for the purposes of calculating his sentence enhancement as a career offender, his driving under the influence conviction is invalid based on Begay and his state conviction for possession of cocaine is invalid based on Shelton.

## II. DISCUSSION

### A. Standard of Review on Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.

7

United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B. The Savings Clause of 28 U.S.C. § 2255

Federal prisoners seeking to "to vacate, set aside or correct" their sentence must do so by filing a motion with the court that imposed the sentence. 28 U.S.C. § 2255(a). They ordinarily must do so within one year of the date on which their conviction becomes final. Id. § 2255(f). They are prohibited from filing second or successive motions except in rare circumstances. Id. § 2255(h). Because Petitioner's previous § 2255 motion was denied, twice, by "the court which imposed [his] sentence," Petitioner may not file a second or successive motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. See 28 U.S.C. § 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").

Because Petitioner is barred from filing this motion under § 2255, he filed his petition for habeas corpus pursuant to 28 U.S.C. § 2241. But § 2255(e) expressly limits the circumstances under which a federal prisoner may file such a petition. Under § 2255(e), a federal habeas petition "shall not be entertained if it

8

appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief." An exception to § 2255(e), known as the "savings clause," permits § 2241 petitions where it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Id. § 2255(e).

In order to bring a § 2241 petition, a petitioner must show that an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Petitioner has the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of a motion brought under § 2255. Gaines v. Warden, FCC Coleman-USP-1, 380 F. App'x 812, 814 (11th Cir. 2010) (citing McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)).

To show that a motion brought under § 2255 would be inadequate or ineffective and that a § 2241 petition may be brought using the savings clause, the Eleventh Circuit has held:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. All three Wofford requirements must be met to utilize the savings clause to seek habeas relief. Id.; see also Dean v. MacFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

The Eleventh Circuit also prohibits federal prisoners from challenging the application of the Sentencing Guidelines to their sentences using the savings clause where the initial application of the guidelines did not result in a sentence that exceeded the statutory maximum. Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) ("the savings clause does not authorize a federal prisoner to bring, in a § 2241 petition, a claim, which would otherwise be barred by § 2255(h), that the Sentencing Guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum"); Edwards v. Warden, FCC Coleman-Medium, 432 F. App'x 897, 899 (11th Cir. 2011) ("There is no precedent in this circuit for applying the savings clause to sentence claims.").

Under the circumstances of the instant case, Petitioner is barred from bringing his petition under § 2241 and it must be dismissed because: (1) it is untimely because it was not filed within one year of Begay; (2) assuming Begay is retroactive and circuit law foreclosed his present claims at trial or at the time of his first § 2255 petition, Petitioner cannot show that he "was convicted for a nonexistent offense;" (3) Petitioner did not receive a sentence that exceeded the

10

statutory maximum and the savings clause does not allow for his challenge to the application of the Sentencing Guidelines; and (4) the actual innocence exception is not available to him.

C. Analysis

1. *Petitioner's petition under § 2241 is untimely*

The one-year statute of limitations for filing habeas corpus actions runs from the date on which: (1) a conviction becomes final; (2) an unconstitutional impediment to filing the motion is removed; (3) a new retroactively applicable right is recognized by the Supreme Court; or (4) facts supporting new claims could have been discovered through the exercise of due diligence, whichever date is later. 28 U.S.C. §§ 2244(d)(1), 2255(f). The one-year statute of limitations also applies to § 2241 petitions. Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004).

Petitioner relies upon the Begay decision as grounds for asserting that a retroactively applicable right was recognized by the Supreme Court following his direct appeal and first § 2255 petition. (Pet. at 5, 7, 11-13). The Court finds that Petitioner is barred from filing the instant petition under § 2255 because more than one year passed between when Begay was decided on April 16, 2008, and when

Petitioner filed his petition on March 8, 2011. See 28 U.S.C. § 2255(f)(3); Begay, 553 U.S. 137 (2008).

### 2. *Begay did not make Petitioner's convictions nonexistent*

Assuming Begay applies retroactively to Petitioner's claims and the law of the Eleventh Circuit "squarely foreclosed such [his claims] at the time [they] otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion," Petitioner has failed to and cannot demonstrate that he was convicted for a nonexistent offense. Wofford, 177 F.3d at 1244.

"To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Darby, 405 F.3d at 945 (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). The Eleventh Circuit has consistently held that "[a] defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." See Gilbert, 640 F.3d at 1320 ("If guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt."); see also Davis v. Pugh, 222 F. App'x 925, 927 (11th Cir. 2007) (application of a sentencing enhancement is not a conviction of a nonexistent offense).

Petitioner was convicted of federal drug and firearm offenses. The determination by the sentencing court that he qualified as an armed career criminal for sentencing enhancement purposes was not a finding of guilt and imprisonment for any "offense." Petitioner was imprisoned for offenses of which he was convicted, and there has been no intervening change in the law that made any of those offenses nonexistent. Even though his petition is required to be barred as untimely, the Court also finds that his § 2241 petition must be dismissed because Petitioner has failed to carry his burden to establish the three Wofford requirements and has failed to show that a motion brought under § 2255 would be inadequate or ineffective. 177 F.3d at 1244.

   3.  *The § 2241 petition must also be dismissed under Gilbert*

Petitioner was convicted of Count 2 for violating 21 U.S.C. § 841(a)(1), aiding and abetting to possess with intent to distribute cocaine base, and the statutory maximum sentence he faced was life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B)[5] because he also had prior felony drug offenses involving marijuana

---

[5] In 1990, 21 U.S.C. § 841(b)(1)(B) provided, in pertinent part: "such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . . If any person commits such a violation after one or more prior convictions for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of a State, the United States, or a foreign country relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such

and cocaine and the total amount of cocaine base for Count 2 exceeded five grams.[6] See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(B)(iii) (1990); (PSR ¶ 30 (295 grams of crack cocaine involved)).

Petitioner was also convicted of Count 1 for conspiracy to possess with intent to distribute cocaine base by employing a person under the age of eighteen. The statutory maximum sentence for Count 1 was up to twice that authorized for the underlying drug offense, in this case life imprisonment for Count 2. 21 U.S.C. § 845b (1990). Thus, on Count 1, Petitioner also faced a statutory maximum of life imprisonment.

Additionally, Petitioner was convicted of Count 3 for aiding and abetting in the use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Every conviction under this statute carries with it a statutory maximum of life imprisonment. See 18 U.S.C. § 924(c)(1) (1990); United States v. Pounds, 230 F.3d 1317, 1319 (11th Cir. 2000); United States v. Ruff, No. 09-16304, 2011 WL 205382, at *1 (11th Cir. Jan. 5, 2011).

---

person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment."
[6] The Court finds that Petitioner's reliance on Shelton is misplaced and the holding of the case does not invalidate or call into question the sentencing court's use of his 1988 felony drug conviction to calculate his maximum sentence under 21 U.S.C. § 841(b)(1)(B) or the application of the ACCA sentence enhancement.

The sentencing court was required to exclude Count 3 from the application of the Sentencing Guidelines and impose a sentence of five years to run consecutively with the sentence imposed. 18 U.S.C. § 924(c)(1) (1990). Thus, the Court finds the imposed sentence of life imprisonment plus a consecutive five year term did not exceed the statutory maximum that the sentencing court was permitted to impose.

Because the savings clause does not authorize a challenge to the application of the Sentencing Guidelines where a petitioner did not receive a sentence that exceeded the statutory maximum, the Court finds that Petitioner's § 2241 petition must be dismissed on this additional ground. See Gilbert, 640 F.3d at 1323.

   *4.*  *Actual innocence exception*

Even though (1) the petition is untimely; (2) Petitioner cannot satisfy the Wofford requirements; and, (3) the savings clause cannot be used by Petitioner to challenge his sentence because it did not exceed the statutory maximum, Petitioner argues that the manifest injustice exception regarding actual innocence should allow his § 2241 petition to go forward because he is actually innocent of the career offender enhancement under § 4B1.1 of the Sentencing Guidelines.

In the Eleventh Circuit, the actual innocence exception "does not apply to claims that the guidelines were misinterpreted to produce a higher guidelines range

than would otherwise have applied." Gilbert, 640 F.3d at 1322-23; see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ("The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements*[a] constitutional claim with a colorable showing of factual innocence."). The Eleventh Circuit has further held that the actual innocence exception is narrow, only applies to the extraordinary case, and does not apply to claims of legal innocence, vice factual innocence, of a predicate offense justifying an enhanced sentence. See McKay v. United States, 657 F.3d 1190, 1199 (11th Cir. 2011); see also Davis, 222 F. App'x at 927 (citing Wofford, 177 F.3d at 1244 n.3) (failure to establish applicability of savings clause can preclude consideration of whether petitioner is actually innocent).

Petitioner argues that he is legally innocent because the Sentencing Guidelines were misapplied to his case and he is not "guilty" of the sentence enhancement. See Gilbert, 640 F.3d at 1320. Petitioner does not argue that he is innocent of any crime for which he is serving his sentence or a predicate crime used in calculating his sentence and determining that he was a career offender under the Sentencing Guidelines.

Because Petitioner only makes a legal argument that the guidelines were improperly applied, has not established the applicability of the savings clause to his

claims, and has made no argument that he is factually innocent of any crime, the Court finds that the miscarriage of justice exception for actual innocence is unavailable to him and his § 2241 petition is required to be dismissed on this additional ground.  See McKay, 657 F.3d at 1199; Gilbert, 640 F.3d at 1322-23.

In sum, Petitioner cannot demonstrate that relief under § 2255 would be inadequate or ineffective so as to warrant consideration of his § 2241 petition under the savings clause because Petitioner filed an untimely petition, failed to satisfy the requirements of the savings clause, improperly sought to challenge his sentence using § 2241 where he was not sentenced above his statutory maximum of life imprisonment plus five years, and the actual innocence exception does not apply to his case.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge C. Christopher Hagy's Final R&R [10] is **ADOPTED**.  Petitioner's objections to the Final R&R are **OVERRULED** and his Petition [1] is **DISMISSED**.

**SO ORDERED** this 22nd day of December, 2011.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE