# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CLEVELAND HANKERSON,
BOP No. 83507-020,

        Petitioner,

v.                      1:11-cv-733-WSD

J. A. KELLER, Warden,

        Respondent.

## OPINION AND ORDER

This matter is before the Court on Cleveland Hankerson's ("Petitioner") Motion to 'Correct' the Record and Notice of Appeal [20], which the Court construes as a motion for reconsideration of its Order of March 2, 2012 [19].

## I.  BACKGROUND

On March 8, 2011, Petitioner, a federal prisoner, filed his federal habeas petition pursuant to 28 U.S.C. § 2241 seeking relief under the savings clause of Section 2255(e) [1].

On November 2, 2011, Magistrate Judge C. Christopher Hagy issued his Final Report and Recommendation ("R&R") and recommended that Petitioner's Section 2241 petition be dismissed [10]. In his well-reasoned conclusions and recommendations, the Magistrate Judge explained that the petition must be

dismissed because: (1) Petitioner cannot satisfy one of the required elements to bring his claims under the savings clause because he cannot demonstrate that he was convicted of a nonexistent offense; (2) Petitioner may not use the savings clause to bring a sentencing claim where the sentence imposed on him did not exceed the statutory maximum; and (3) Petitioner may not invoke the manifest injustice exception by arguing actual innocence because he cannot be actually innocent of the career offender enhancement. (R&R at 9).

On November 16, 2011, Petitioner timely filed his objections [11]. The Court liberally construed Petitioner's *pro se* filing as objecting to the following findings and conclusions of the Magistrate Judge: (1) that the statutory maximum for his offenses was life imprisonment plus five years; (2) that the sentence imposed did not exceed the statutory maximum for the counts upon which Petitioner was found guilty; (3) that he failed to establish the three required elements under the law of the Eleventh Circuit to bring his claims under the savings clause; and (4) that the fundamental miscarriage of justice exception for actual innocence does not apply to his challenge to the procedural application of a career offender sentencing enhancement.

On December 22, 2011, the Court adopted the Magistrate Judge's Final R&R, overruled Petitioner's objections, and dismissed his Section 2241 petition

[12]. The Court found Petitioner could not demonstrate that relief under Section 2255 would be inadequate or ineffective so as to warrant consideration of his Section 2241 petition under the savings clause because Petitioner filed an untimely petition, failed to satisfy the requirements of the savings clause, improperly sought to challenge his sentence using Section 2241 where he was not sentenced above his statutory maximum of life imprisonment plus five years, and the actual innocence exception does not apply to his case.

On December 29, 2011,[1] Petitioner filed a one-page Notice of Appeal [14], which the Court construed as a request for a Certificate of Appealability. See Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997) (explaining how district courts should treat notices of appeal from denials of Section 2254 or 2255 federal habeas petitions). On January 27, 2012, Petitioner filed his Affidavit and Authorization for Withdrawal from Inmate Account [17], which the Court construed as an application to proceed *in forma pauperis* ("IFP") on appeal.

---

[1] The Court notes that the Notice of Appeal was signed on December 29, 2011, and was filed with the Clerk of Court's office on January 6, 2012. "Under the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Absent contrary evidence, we will assume that a prisoner's filing was 'delivered to prison authorities the day he signed it.'" Fuller v. Terry, 381 F. App'x 907, 908 (11th Cir. 2010) (quoting Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), and citing Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999)).

3

On March 2, 2012, the Court issued its Order denying Petitioner's requests for a Certificate of Appealability and to proceed IFP on appeal [19].

On March 13, 2012, Petitioner filed his Motion to 'Correct' the Record and Notice of Appeal [20], which the Court construes as a motion for reconsideration of its Order of March 2, 2012 [19]. Petitioner claims that pursuant to <u>Jaimes v. United States</u>, 168 F. App'x 356 (11th Cir. 2006), the Court erred in denying him a Certificate of Appealability because one is not required for a federal prisoner appealing the denial of a Section 2241 petition. The Court agrees that it erred and that its March 2, 2012, Order is required to be vacated.

## II. DISCUSSION

### A. <u>Reconsideration of the Court's March 2, 2012, Order</u>

Petitioner timely sought reconsideration of the Court's Order within twenty-eight days in accordance with the Local Rules. Local Rule 7.2 E., N.D. Ga. Petitioner has demonstrated a need to correct a clear error of law because the Court construed Petitioner's Notice of Appeal as appealing the denial of a Section 2255 petition, instead of considering it as an appeal from the denial of his Section 2241 petition. <u>Jersawitz v. People TV</u>, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (need to correct clear error of law can be grounds for reconsideration). Under the law of the Eleventh Circuit, a federal prisoner does not need a Certificate of

4

Appealability to appeal from a district court's denial of a Section 2241 petition. See, e.g., Hernandez v. Drew, 371 F. App'x 991, 992 n.2 (11th Cir. 2010); Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 89 n.1 (11th Cir. 2009); Madu v. Chertoff, 286 F. App'x 613, 614 n.1 (11th Cir. 2008); Jaimes, 168 F. App'x at 358; Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (2003). Accordingly, the Court finds a Certificate of Appealability is not required in this case.

B. Legal standard for leave to appeal IFP

Petitioner requests to appeal IFP. Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Section 1915 provides:

> (a) (1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Federal Rule of Appellate Procedure 24 provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.
>
> . . .
>
> (3) . . . A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding . . . .

Two requirements therefore must be satisfied for a party to prosecute an appeal IFP. First, the party must show an inability to pay. Second, the appeal must be brought in good faith.

    C.    <u>Ability to pay</u>

Petitioner has submitted an affidavit demonstrating his inability to pay the filing fee required for an appeal and the Court finds that Petitioner meets this prong of an IFP showing.

    D.    <u>Good faith standard</u>

An appeal, however, may not be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good

6

faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd, 896 F.2d 558 (11th Cir. 1990). An IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Ala. Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

Both Section 1915(a) and Rule 24(a)(1) require the individual seeking to appeal IFP to submit a statement of good faith issues to be appealed. See, e.g., Fed. R. App. P. 24(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal."). A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith. Martin v. Gulf States Util. Co., 221 F. Supp. 757, 760 (D.C. La. 1963).

Having reviewed Petitioner's single-page Notice of Appeal [14] and in the absence of any other filing stating the issues on which Petitioner seeks to appeal, the Court finds that Petitioner has not shown this his appeal presents a legal issue of arguable merit that could be convincingly argued and Petitioner's request to proceed on appeal IFP is required to be denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court's Order of March 2, 2012, is **VACATED**.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that Petitioner's appeal is not taken in good faith. Petitioner's request to proceed on appeal IFP is **DENIED.**

**SO ORDERED** this 28th day of March, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE